## SUPREME COURT.

### ABBOTT agt. SMITH.

Notice of *appearance* or *retainer.* may be served *after default*, if before judgment entered, in all cases where an assessment of damages is necessary. (*See* 12 *Wend.* 235, and 5 *How. Pr. R.* 358, *adverse.*)

Therefore, an order that plaintiff file security for costs, and for a stay, &c., obtained by defendant after his default entered, and before judgment perfected, held good.

*New York Special Term, December*, 1853. *Motion by plaintiff to set aside an order for security for costs.*

S. JONES, *for Motion.*

H. BREWSTER, *Contra.*

MITCHELL, Justice.—It is said, in White agt. Featherstonhaugh, (5 *How. Pr. R.* 358,) that under the former practice it was well settled, that when notice of retainer was not served until after default, it might be disregarded, and Lynds agt. West, (12 *Wend.* 235,) is quoted to that effect. This is contrary to what is believed to have been the practice here. The defendant might have no defence to the whole cause of action, and then, under the old system, he could not plead, but must allow his default to be taken; in doing so he would be waiving no right, and would be confessing no more than was true, that he had not a *full* defence, and yet he might have a defence to the whole demand of the plaintiff except six cents. His confession (by not pleading) that he had not a full defence could not on any principle of justice cut him off from showing that he had a partial defence, and if he appeared and gave notice of his intention to make his partial defence, when the default was entered, he gave it as soon as there was any need of it, and he should lose no right. The former statute (2 *R. S.* 357, § 4, [3]) was, that if the defendants shall have appeared in the cause, by attorney, or shall have given notice of his intention to appear and defend the action, the like notice of assessment of damages by the clerk, shall be given as herein required,

of the trial of a cause; but in all other cases no notice shall be necessary, and the clerk shall proceed therein on the entry of the rule requiring such assessment. The form of expression "*shall have* appeared, or *shall have* given notice," imply an appearance or notice before something referred to or mentioned in the section. The only thing so referred to is the actual assessment by the clerk, or the entry of the rule requiring such assessment. The decision in 12 *Wend.* if it is contrary to this statute should *not control*, nor should the decision in 5 *How.*, founded on it. It may be that there are cases where no assessment is necessary, as where the complaint is for a certain specified sum of money arising on contract, and is sworn to. (*Section* 246, 202.) But if the complaint is not sworn to, then the amount of the judgment must be assessed or otherwise determined. The language of the Code also shows that notice must be given whenever an assessment is necessary. It is substantially, judgment may be had if the defendant fail to answer the complaint, in various cases, first: in an action on contract for recovery of money only, on the plaintiff filing proof of service of summons, &c., and that no answer has been received where the complaint has been sworn to; but if the complaint is not sworn to and the action is on an *instrument* for the payment of money only, then the clerk shall assess the damages on the production of the instrument; and in other cases the clerk is, by proofs or examination of the plaintiff, to ascertain the amount and enter judgment. Then follow these words: "In case the defendant give notice of appearance in the action he shall be entitled to five days' notice of the time and place of such assessment." The notice must be given before some time referred to, and the only time that can be implied is before the assessment takes place. If a different rule were to prevail, then if a defendant did not appear before his time for answering expired, in an action for assault and battery, or libel or slander, the plaintiff could have his damages assessed by a sheriff's jury, without any notice to the defendant, or any right to the defendant to appear before the sheriff's jury, although he gave notice of his appearance immediately

after his time to answer had expired.    Letting that time expire waives the right to answer, but it waives no rights that are incident to the very confession thus made ; the default (as it is called,) simply admits that the plaintiff is entitled to recover something, but in the cases referred to admits no more.

In this case after the time to answer had expired, an order was taken out that the plaintiff, who is a non-resident, file security for costs.    The plaintiff says that the defendant can not now obtain costs as he is in default, and therefore it is too late for him to apply for security for costs.    The correct answer was given to this,—that until judgment it is uncertain who will be entitled to costs, if the plaintiff recover judgment, but for less than $50, he must pay costs, (*Code*, §§ 304, 259, *subd.* 4, *and* §§ 305, 260,) and the statute allows the defendant to require the plaintiff to file security for the payment of costs that may be incurred by the defendant when a suit is commenced, for a plaintiff not residing within the jurisdiction of the court.    The action is pending until judgment is entered, if not longer.    The order for security and for stay of plaintiff's proceedings must therefore stand, and the motion to vacate it is denied.

If the plaintiff is willing that the motion of defendant for leave to put in an answer be considered, as now before the court, it is granted, on condition that the plaintiff be at liberty to enter judgment to stand as security, and that the defendant consent to a reference and to short notice of trial before the referee, and waive the security for costs.